Jones. Edwards & Co. v. Grossman.

---

JONES, EDWARDS & COMPANY, Appellants, v. JAS. F. GROSSMAN, Respondent.

Kansas City Court of Appeals, November 5, 1894.

**Instructions:** EVIDENCE: APPELLATE PRACTICE. An instruction should be supported by the evidence, and where there is no evidence that the plaintiffs sold goods to H. & D. on their credit, but the whole evidence shows the sale and credit were to the defendant, it is error to submit to the jury the question whether the sale was to H. & D. and on their credit.

*Appeal from the Boone Circuit Court.*—Hon. Jno. A. Hockaday, Judge.

Reversed and remanded.

*N. T. Gentry* for appellants.

Instruction number 1 on behalf of defendant should not have been given, for there was no evidence that Dingle sold the whisky to Head & Denham on their credit, and no evidence that he or plaintiffs ever looked to them for pay, or that Head & Denham ever promised to pay, or ever expected to pay. Instruction number 3 on behalf of defendant does not state the law correctly. A contract may be made with a person and credit extended to him, although he is to receive no benefit therefor; but defendant did receive pay from Head & Denham for the use of his name as well as his license. This instruction is also wrong in that it argues the case, and comments on the evidence.

Smith, P. J.—This is an action which was brought on account for $125, for one barrel of whisky, sold and delivered by plaintiffs to defendant. The answer was a general denial.

The plaintiffs' evidence tended most strongly to prove about these facts: Plaintiffs were wholesale liquor dealers in St. Louis, and defendant was a saloon keeper in Rocheport, Boone county. For some years prior to February, 1893, the defendant had been ordering liquors from plaintiffs, through their traveling salesmen, and having the same shipped to him *via* the Wabash railroad to Columbia, and then hauled to Rocheport by the hack driver. The saloon was run in the name of the defendant, although, in 1891, defendant sold out an undivided half interest to Wm. H. Denham.

Jones, Edwards & Co. v. Grossman.

Denham & Grossman were then partners, although the
license, the business, the orders, the shipments and
the payments were all in the name of J. F. Grossman
—Denham being a silent partner.   In October, 1892,
defendant procured a new license for six months in his
individual name; and one month later, sold out his
half interest to Jeff Head.   There was an agreement
between Head and defendant that the business should
continue to run in the same way; and goods were
bought, ordered and shipped from plaintiffs and other
houses, all in the name of J. F. Grossman, and with
*his knowledge and consent.*   Head paid defendant the
amount of the license in order that Head & Denham
could do business in the same way, and run under the
same license.   On February 15, 1893, plaintiffs' salesman
was in Rocheport, and sold whisky to Denham for
defendant, thinking and believing that he was defend-
ant's agent and authorized to buy on defendant's
credit, as he had often done before.   The order was
received by plaintiffs, and the whisky sent by rail, and
the bill for same sent to Rocheport, both directed to
defendant.   With the knowledge and consent of
defendant, Head & Denham got the whisky, sold it,
and spent the proceeds.   The whisky was charged on
the books of plaintiffs to defendant; after the end of
ninety days a draft was sent for the amount due, and
the same returned not paid.   In May, 1893, Head &
Denham failed, and defendant at once put a fraudulent
deed of trust on all his property in favor of his uncle.
There was a trial by jury, which resulted in a verdict
for defendant, and plaintiffs appeal.

The plaintiffs object that the circuit court erred in
the giving of the first instruction for the defendant,
which told the jury that, if they believed from the evi-
dence, that the traveling salesman of plaintiffs sold the
whisky sued for to Denham & Head upon their order,

for their business and trade, and looked to them for pay, they should find for the defendant.

There was no evidence that the plaintiffs sold the whisky to Head & Denham on their credit, or that the plaintiffs looked to them for payment, but, on the contrary, the evidence was that plaintiffs sold the whisky to them on the credit of defendant; that plaintiffs charged the whisky on their books to defendant; made out the bill to him, and sent it with the whisky to him at the place of his residence; not only this, but that, at the expiration of ninety days, the plaintiffs drew their draft on the defendant for the amount of the bill for the whisky. Denham, of the saloon firm of Head & Denham, testified that he ordered the whisky from plaintiffs to be shipped to defendant in his name, and it was so shipped to be paid for in his name; that the saloon was always run in defendant's name, and goods from wholesale houses were bought, shipped and paid for in his name. The defendant himself testified that the saloon of Head & Denham was carried on in his name and under his license, and that he consented to it. He knew that this firm were ordering goods in his name and *on his credit*, and that he made no objection to it.

This instruction was, for these reasons, improper and erroneous, and should not have been given. It is inconceivable how the jury, under the evidence, could have found for the defendant, or, after having done so, why the court did not set it aside. We should not have been inclined to have found fault with the action of the court had it given to the jury a peremptory instruction to find for plaintiffs, since the uncontradicted evidence shows that the plaintiffs sold and delivered the whisky to defendant on his credit. Denham & Head, who ordered the whisky, were authorized by defendant to order liquors for their saloon in his

name and *on his credit*. This had been, and then was, the usual and customary way in which wholesale liquor dealers dealt with this firm. They were no more than agents of the defendant as to the transaction in question. The defense was wholly destitute of merit, and should not have been permitted to prevail in the case.

The judgment is reversed and cause remanded. All concur.